IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | | |
|---|---|---|
| Jane Doe, | ) | C/A No.: 8:04-23001-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Erskine College, Dr. John Carson, | ) | |
| both individually and as President | ) | |
| of Erskine College, Robyn Agnew, | ) | |
| both individually and as agent and/or | ) | |
| employee of Erskine College, and Monty | ) | |
| Wooley, both individually and as | ) | |
| agent and/or employee of Erskine College, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On June 13, 2005, this action came before me for hearing of the following Motions:

1. December 30, 2004 Motion to Dismiss of Erskine College; and

2. December 30, 2004 Motion to Dismiss of John Carson, Robyn Agnew and Monty Wooley.

At the hearing Plaintiff was represented by Jill W. Fennel and Defendants were represented by Michael B.T. Wilkes. At the conclusion of the hearing the Court took the motions under advisement and asked both counsel to submit proposed orders.

**FRCP 12(b)(6) Standard**

Federal Rule of Civil Procedure 12(b)(6) authorizes motions to dismiss for "failure to state a claim upon which relief can be granted." A court should grant a motion to dismiss for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of a claim that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). In deciding the motion, the court must accept the factual allegations set forth

1

in the complaint as true, *Zinermon v. Burch*, 494 U.S. 113, 118, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990), and must view them in the light most favorable to the plaintiff, *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).  If the plaintiff's pleadings fail to "adequately state a set of facts, which, if proven to be true, would entitle [the plaintiff] to judicial relief," those pleadings do not state a claim and should be dismissed.  *See Duckworth v. State Admin. Bd. of Election Laws*, 332 F.3d 769, 772-73 (4th Cir. 2003); FRCP 12(b)(6).

### Facts Alleged by Plaintiff[1]

Plaintiff is a student at Erskine College in Due West, South Carolina (sometimes referred to herein as "Defendant Erskine").  *See* Complaint, ¶¶ 1-2.  Plaintiff alleges that on November 14, 2002, she was sexually assaulted by another Erskine College student on Erskine's campus.  *See id.*, ¶ 12.  Thereafter, Plaintiff discussed her allegations of assault with Erskine College's Dean of Students, Robyn Agnew ("Defendant Agnew") and Vice President of Student Affairs for Erskine College, Monty Wooley ("Defendant Wooley").  *See id.*, ¶¶ 15, 18.  Plaintiff also voluntarily presented various medical records relating to the alleged assault to the chief of Erskine College's Public Safety Department, Randy Estep ("Chief Estep"), for the criminal investigation of the alleged assailant.  *See id.*, ¶ 34.

On August 12, 2003, Plaintiff participated in a hearing before the Erskine College Discipline and Appeals Committee (the "CDA") regarding the alleged assault.  *See id.*, ¶ 21, 46. At the CDA hearing, the CDA received for its consideration copies of Defendant Erskine's records relating to Plaintiff's complaint of assault, which records included the medical records Plaintiff had provided to Chief Estep.  *See id.*, ¶ 26.  Both Plaintiff and her alleged assailant presented witnesses before the CDA.  *See id.*, ¶ 25.  The CDA did not find that Plaintiff had been

---

[1] This recitation of Plaintiff's alleged facts is set forth exclusively for the purpose of this Court's analysis of the Motion to Dismiss, with respect to which the Court must accept the Complaint's factual allegations as true.  *See Zinermon*, 494 U.S. at 118.

2

raped, and instead concluded that Plaintiff and her alleged assailant had engaged in voluntary sexual activity, which the CDA deemed to violate Erskine College's rules of moral conduct. *See id.*, ¶¶ 21, 23. Based on the CDA's findings, Dr. John Carson, President of Erskine College, wrote Plaintiff a letter admonishing her for engaging in sexual misconduct at Erskine College. *See id.,* ¶ 24.

According to Plaintiff, Defendant Erskine and the Individual Defendants failed to timely or adequately report, respond to, investigate, or hold a hearing regarding her allegations of rape; failed to institute measures to insulate Plaintiff from additional contact with her alleged assailant; sexually harassed her by creating a hostile school environment; told Erskine students, staff and teachers that Plaintiff had engaged in voluntary sex; and attempted to discourage Plaintiff from pursuing any claim against her alleged assailant by advising Plaintiff that she could face suspension from Erskine College if the CDA found that Plaintiff engaged in consensual sex with her alleged assailant. *See id.*, ¶¶ 17-19, 68. Plaintiff further contends that Defendant Erskine and the Individual Defendants unlawfully disclosed her confidential medical records to unauthorized persons with respect to the CDA hearing. *See id.*, ¶ 26-27.

On November 17, 2004, Plaintiff filed the present action, asserting causes of action against Defendant Erskine and the Individual Defendants for sexual harassment; slander; violation of Title IX, 20 U.S.C. § 38 [sic] ("Title IX"); and violation of the Family Educational Rights and Privacy Act, 20 U.S.C. § 1232g and 34 C.F.R. Part 99 ("FERPA"). *See id.*, Theories of Liability 1, 7-9. Plaintiff has also asserted claims against all Defendants for breach of duty of confidentiality, negligent disclosure of confidential information, negligent infliction of emotional distress, intentional infliction of emotional distress, violation of privacy and civil conspiracy. *See id.*, Theories of Liability 2-6, 10.

3

Plaintiff sued Defendants in federal court, claiming that jurisdiction over Plaintiff's Title IX and FERPA claims is conferred by 28 U.S.C. § 1343 (civil rights); 20 U.S.C. § 38 [sic] (Title IX); 20 U.S.C. § 1232 (federal education regulations); and 28 U.S.C. § 1331 (federal question jurisdiction); and claiming that jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367 (supplemental jurisdiction) and 28 U.S.C. § 1332 (diversity jurisdiction). *See id.*, ¶ 8.

### **FERPA Claims**

FERPA authorizes the United States Secretary of Education to withhold federal funds from institutions which release a student's educational records (or personally identifiable information contained therein) without written consent. *See* 20 U.S.C. § 1232g(b)(1). FERPA does not provide private parties the right to enforce that statute through private claims. *Gonzaga University v. Doe*, 536 U.S. 273, 290, 122 S.Ct. 2268, 153 L.Ed.2d 309, (2002) (holding that a student may not sue a private university for damages under 42 U.S.C. § 1983 to enforce FERPA provision 20 U.S.C. § 1232g, because FERPA creates no personal rights of enforcement under § 1983). Plaintiff concedes in her brief and conceded at oral argument that Plaintiff cannot maintain a private claim under FERPA; therefore, Plaintiff's FERPA claims against the Defendants are dismissed for failure to state a claim upon which relief can be granted. *See* FRCP 12(b)(6).

### **Title IX Claims**

Plaintiff has asserted Title IX claims against Erskine and the Individual Defendants. The Individual Defendants have moved to dismiss the Title IX claims against them.

Title IX prohibits discrimination on the basis of sex by educational institutions receiving federal funding. *See* 20 U.S.C. § 1681(a) ("No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination

4

under any education program or activity receiving Federal financial assistance[.]"). Title IX conditions "an offer of federal funding on a promise by the recipient not to discriminate, in what amounts essentially to a contract between the Government and the recipient of funds." *Gebser v. Lago Vista Independent School Dist.*, 524 U.S. 274, 287, 118 S.Ct. 1989, 141 L.Ed.2d 277 (1998). Accordingly, the government's enforcement power under Title IX "may only be exercised against the funding recipient," and the Supreme Court has "not extended damages liability under Title IX to parties outside the scope of this power." *Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629, 641, 119 S.Ct. 1661, 143 L.Ed.2d 839 (1999).

Plaintiff's reliance on *Jennings v. University of North Carolina at Chapel Hill*, 340 F.Supp.2d 666 (N.D.N.C. 2004), is misplaced. *Jennings* does not support the proposition that a Title IX claim may be made against agents or employees of educational funding recipients. The only Title IX claim made in *Jennings* was against the University of North Carolina at Chapel Hill (the "University"); so the district court was not asked to consider whether a Title IX claim could be made against agents or employees of the University. The *Jennings* plaintiff asserted various civil rights claims under 42 U.S.C. § 1983 ("§ 1983") against several individual defendants. Plaintiff compares the "knowledge" element of a § 1983 claim with a Title IX claim, but such comparison does not support Plaintiff's conclusion that Plaintiff may assert Title IX claims against the Individual Defendants in this case. Section 1983 specifically states that "every person" who violates § 1983 shall be liable to the party injured. Title IX contains no comparable provision. Under Title IX the express statutory means of enforcement is administrative, with the ultimate sanction being termination of Federal funding. See *Gebser*, 524 U.S. at 280.) Although the Supreme Court has held that Title IX is enforceable through an implied private right of action, see *Cannon v. University of Chicago,* 441 U.S. 677, 99 S.Ct.1946, 60 L.Ed.2d 560 (1979), and

5

that monetary damages are available in the implied private action, *Franklin v. Gwinnett County Public Schools*, 503 U.S. 60, 112 S.Ct. 1028, 117 L.Ed.2d 208 (1992), the Supreme Court has not extended damages liability under Title IX to parties outside the scope of the Government's enforcement power. The Supreme Court has resisted expansion of liability under Title IX, holding, for example, that even the funding recipient is not liable under Title IX for the misconduct of a teacher unless the funding recipient or an official with the power to address the discrimination on behalf of the recipient had actual knowledge of the discrimination and acted with deliberate indifference. See Davis, 526 US at 642-43. In creating a private right of action and allowing the recovery of damages under Title IX, the Supreme Court has not extended liability to agents or employees of the funding recipient like the Individual Defendants in this case.

For the first time plaintiff, in her proposed order, cites the cases of *Mennone v. Gordon*, 889 F. Supp. 53 (D. Conn. 1995), and *Doe v. Petaluma City School District*, 830 F. Supp. 53 (D. Conn. 1995), to support her argument that there is a private right of action under Title IX against an individual of official of a funding recipient, as well as the federal funding recipient. Numerous other courts that have addressed this issue have determined that individuals may not be held liable under Title IX. *See, e.g., Kinman v. Omaha Pub. Sch. Dist.,* 171 F.3d 607, 611 (8th Cir.1999); *Floyd v. Waiters,* 133 F.3d 786 (11th Cir.), *vacated and remanded,* 525 U.S. 802, 119 S.Ct. 33, 142 L.Ed.2d 25 (1998), *reinstated,*171 F.3d 1264 (1999); *Smith v. Metropolitan School Dist.,* 128 F.3d 1014, 1019-20 (7th Cir.1997); *Lipsett v. University of Puerto Rico,* 864 F.2d 881, 901 (1st Cir.1988) ("In implying a cause of action under Title IX, the Supreme Court has considered only actions against educational institutions. . . . Accordingly, the separate liability of the supervisory officials must be established, if at all, under section 1983, rather than under Title IX."); Niles v.

6

Nelson, 72 F.Supp.2d 13, 17 (S.D.N.Y. 1999); *Doe v. School Admin. Dist. No. 19,* 66 F.Supp.2d 57, 59 (D. Me. 1999); *Communities for Equity v. Michigan High School Athletic Ass'n,* 26 F.Supp.2d 1001, 1009 (W.D. Mich.1998); *Petrone v. Cleveland State Univ.,* 993 F.Supp. 1119, 1125 (N.D. Ohio 1998); *Buckley v. Archdiocese of Rockville Centre,* 992 F.Supp. 586, 588 n. 3 (E.D. N.Y. 1998); *Burrow v. Postville Community Sch. Dist.,* 929 F.Supp. 1193, 1207 (N.D. Iowa 1996); *Nelson v. Temple Univ.,* 920 F.Supp. 633, 636-37 (E.D. Pa. 1996); *Pallett v. Palma,* 914 F.Supp. 1018, 1025 (S.D. N.Y. 1996), *rev'd on other grounds,* 119 F.3d 80 (2d Cir. 1997); *Torres v. New York Univ.,* 1996 WL 15691 at *2 (S.D. N.Y. Jan 17, 1996); *Clay v. Board of Trustees of Neosho County Community College,* 905 F.Supp. 1488, 1495-96 (D. Kan. 1995); *Leija v. Canutillo Sch. Dist.,* 887 F.Supp. 363, 367 (M.D. Ga. 1994); *Bowers v. Baylor,* 862 F.Supp. 142, 145-46 (W.D. Texas 1994); *Seamons v. Snow,* 864 F.Supp. 1111, 1116 (D. Utah 1994); *Doe v. Petaluma,* 830 F.Supp. 1560, 1576-77 (N.D. Cal. 1993); *Bougher v. University of Pittsburgh,* 713 F.Supp. 139, 143 (W.D. Pa.).  Moreover, holding that there is no individual liability under Title IX seems consistent with the Supreme Court's post-*Mennone* statement in *Davis v. Monroe County Bd. of Educ.,* 526 U.S. 629, 641 (1999), that "we have not extended damages liability under Title IX to parties outside the scope of [the government's enforcement] power."

Because only federally funded educational institutions are subject to liability in private causes of action under Title IX, Plaintiff cannot sustain a Title IX claim against the Individual Defendants.  *See id.*  Plaintiff's Title IX claims against the Individual Defendants are therefore dismissed for failure to state a claim upon which relief can be granted.  *See* FRCP 12(b)(6).

### **State Law Claims – Supplemental Jurisdiction**

Dismissal of Plaintiff's Title IX and FERPA claims against the Individual Defendants leaves pending Plaintiff's various state law claims against these parties, which include Plaintiff's

7

claims for sexual harassment, breach of duty of confidentiality, negligent disclosure of confidential information, negligent and intentional infliction of emotional distress, violation of privacy, slander and civil conspiracy.  *See* Complaint.

Under 28 U.S.C. § 1332(a), federal courts possess jurisdiction over civil actions where the matter in controversy exceeds $75,000 and is between citizens of different States.  In this action, all of the parties are citizens of South Carolina.  *See* Complaint, ¶¶ 1-6.  Accordingly, complete diversity does not exist between the parties, and the Court lacks the diversity jurisdiction claimed by Plaintiff.  *See id.*, ¶ 8.  Jurisdiction over Plaintiff's state law claims against the Individual Defendants can therefore only be supplemental jurisdiction.

28 U.S.C. § 1367(a) provides that "[i]n any civil action of which the district courts have original jurisdiction, the district court shall have supplemental jurisdiction over all other claims that . . . form part of the same case or controversy[.]"  "Supplemental jurisdiction thus allows parties to append state law claims over which federal courts would otherwise lack jurisdiction, so long as they form part of the same case or controversy as the federal claims." *Shanaghan v. Cahill*, 58 F.3d 106, 109 (4th Cir. 1995), *citing United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

Significantly, a district court may decline to exercise supplemental jurisdiction over pendent state law claims in certain circumstances, including where it "has dismissed all claims over which it has original jurisdiction." *See* 28 U.S.C. § 1367©)(3).  District courts "enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished," *Shanaghan*, 58 F.3d at 110, and in making such discretionary decision may consider "values of judicial economy, convenience, fairness, and comity," *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988).

8

Considering these factors, the Court finds that it should exercise its discretion to retain jurisdiction of these State law claims against the Individual Defendants.  Plaintiff has asserted these State law claims against both Erskine and the Individual Defendants.  Defendants acknowledge that the Individual Defendants would testify as witnesses in Plaintiff's case against Erskine, even if Erskine were the only defendant.  All of the Defendants reside in Abbeville County and will not be significantly inconvenienced by trial in this Court.  Judicial economy will be served by trying the claims against all the Defendants in this Court.  Accordingly, Defendants' Motion to dismiss Plaintiff's State law claims is denied.

**IT IS SO ORDERED**.

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

June 22, 2005
Florence, SC